# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIKA RENEE RILEY-JACKSON, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 07-CV-00631-MJR ) |
| CASINO QUEEN, INC., a corporation, | ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

## I.  Introduction

On September 4, 2007, Plaintiffs filed a three-count employment discrimination action against Defendant, Casino Queen, Inc., under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, as amended, the Illinois Human Rights Act, 775 ILCS 5/1-109, *et seq.*, and under state common law based upon this Court's pendent jurisdiction. The action now proceeds on Plaintiffs' second amended complaint ("the complaint"), filed November 12, 2007, which contains 151 counts.

Plaintiffs, who are African-American employees and former employees of Defendant, allege that they were subjected to unlawful racial discrimination, harassment and a hostile work environment as a result of Defendant's unlawful conduct. Plaintiffs seek an award of compensatory damages for past and future pecuniary and non-pecuniary losses. Plaintiffs also seek punitive damages.

Defendant moves to dismiss Plaintiffs' complaint, filed November 12, 2007, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 26). Defendant also

1

asserts that Plaintiffs have failed to meet the factual requirements of notice-pleading under FED. RULE CIV. P. 8(a). The matter is fully brief and ready for disposition.

**II.     Applicable Legal Standards**

Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6) govern motions to dismiss for failure to state a claim. To satisfy the notice pleading requirements of Rule 8(a)(2), a complaint need only include a short and plain statement of the claim showing that the pleader is entitled to relief. In other words, a plaintiff must provide the grounds of his entitlement to relief by saying enough "to raise a right to relief above the speculative level." ***Bell Atlantic Corp. v. Twombly*, – U.S. –, 127 S.Ct. 1955, 1965-66 (2007).**

In *Bell Atlantic v. Twombly*, the United States Supreme Court "retooled federal pleading standards," and retired the oft-incanted standard from ***Conley v. Gibson*, 355 U.S. 41, 47 (1957)**, that a complaint should not be dismissed for failure to state a claim unless it appeared "beyond doubt" that the plaintiff could prove "no set of facts in support of his claim" which would entitle him to relief. ***Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).**

In assessing whether a complaint states a claim upon which relief can be granted (thereby escaping Rule 12(b)(6) dismissal), the district court accepts all well-pleaded allegations as true and draws all favorable inferences in plaintiff's favor. *Id. See also Erickson v. Pardus*, **– U.S. –, 127 S.Ct. 2197, 2200 (2007).**

*Bell Atlantic* called into question dicta contained in (and abrogated the holdings of) cases such as *Kolupa v. Roselle Park District*, **438 F.3d 713, 715 (7th Cir. 2006),** which had declared Rule 12(b)(6) dismissal proper only "when it would be necessary to contradict the complaint

in order to prevail on the merits."[1] No longer does it suffice for a complaint to avoid foreclosing possible bases for relief; the complaint must indicate that the plaintiff *has* a right to relief. ***EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 777 (7th Cir. 2007).**

Specific facts are not necessary for a complaint to survive a motion to dismiss for failure to state a claim. ***Jervis v. Mitcheff*, – F.3d –, 2007 WL 4355433 (7th Cir. Dec. 13, 2007).** But labels and conclusions alone will not suffice. Rather, the complaint must contain enough facts to state a claim that is plausible on its face, and the complaint must give the defendants "fair notice" of the grounds on which plaintiff's claim rests. ***Killingsworth,* 507 F.3d at 618.**

Federal Rule of Civil Procedure 12(b)(1) requires a court to dismiss an action when it lacks subject matter jurisdiction. ***United Phosphorus, Ltd. v. Angus Chemical Co.*, 322 F.3d 942, 946 (7th Cir. 2003)**. "If subject matter jurisdiction is not evident on the face of the complaint, the motion to dismiss pursuant to Rule 12(b)(1) would be analyzed as any other motion to dismiss, by assuming for purposes of the motion that the allegations in the complaint are true." *Id*. The burden of proof in regards to a Rule 12(b)(1) motion is "on the party asserting jurisdiction." *Id***. (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884 (3d Cir. 1977)**.

### III. <u>Analysis</u>

#### A. <u>Timely filing of EEOC charges (Counts III, XI, XVI, XXIII, XXIV and CXLIX)</u>

Defendant contends that these counts must be dismissed as time-barred, in that

---

[1] In *Kolupa*, 438 F.3d at 714, the Seventh Circuit reversed a Rule 12(b)(6) dismissal, stating: "It is enough to name the plaintiff and the defendant, state the nature of the grievance, and give a few tidbits (such as the date) that will let the defendant investigate. A full narrative is unnecessary…. Details come later, usually after discovery…."

3

Plaintiffs, Arterbridge (III), Elliott (XI), Hall (XVI), Jackson (XXIII) and Johnson (XXIV and CXLIX), failed to file timely charges with the EEOC encompassing the acts of which they complain.

Plaintiffs respond that aggrieved individuals can "piggyback" onto the timely-filed charges of other plaintiffs under the "single-filing" rule. According to Plaintiffs, the earliest timely filed charge of discrimination was filed with the EEOC on June 12, 2006. Plaintiffs contend that those who experienced the same or similar discriminatory conduct on or after August 16, 2005, (within the 300-day period prior to the earliest timely-filed charge) may join the lawsuit. Finally, Plaintiffs seek leave to amend the complaint because of a typographical error regarding Arterbridge's date of termination from employment.

In order to proceed under Title VII, Plaintiffs must have filed a timely charge with the EEOC, have received a right-to-sue letter from the EEOC and have acted upon it. *See* **42 U.S.C. § 2000e-5(b) (a charge of discrimination must be filed with the EEOC "by or on behalf of a person claiming to be aggrieved"); 42 U.S.C. § 2000e-5(f)(1);** *Babrocky v. Jewel Food Co.,* **773 F.2d 857, 863 (7th Cir. 1985) (citing** *Alexander v. Gardner-Denver Co.***, 415 U.S. 36, 47 (1974));** *Doe v. Oberweis Dairy,* **456 F.3d 704, 708 (7th Cir. 2006)**.

However, under the single-filing rule, a noncomplying plaintiff may join a suit initiated by a complying plaintiff and may be exempt from filing an EEOC charge if his claim "arises out of the same unlawful conduct" as those of other plaintiffs with timely-filed charges. ***Horton v. Jackson County Bd. of County Comm'rs*, 343 F.3d 897, 900 (7th Cir. 2003)**. Parties who have not filed charges with the EEOC may join as plaintiffs in a civil action with plaintiffs who have filed EEOC charges; the sole restriction is that the only issues properly before the Court are those which the charging parties have standing to raise. ***Muka v. Nicolet Paper Co.*, 452 F. Supp. 491 (E.D. Wis.**

4

**1978), cited with approval in *Ekanem v. Health & Hospital Corp. of Marion City, Indiana*, 724 F.2d 563 (7th Cir. 1983); *see also Liberles v. County of Cook*, 709 F.2d 1122 (7th Cir. 1983) (union members were allowed to seek relief in federal courts based on EEOC charge filed by union leader)**. EEOC charges are to be interpreted with liberality; nevertheless, "the only claims of discrimination which are cognizable are those that are 'like or reasonably related to the allegations of the charge and growing out of such allegations.'" *Schnellbaecher v. Baskin Clothing Co.,* **887 F.2d 124, 127 (7th Cir. 1989) (citing *Babrocky*, 773 F.2d at 864)**.

"[T]he filing of a timely charge with the EEOC is, as the Court noted in *Zipes v. Trans World Airlines, Inc*., **455 U.S. 385, 393 (1982)**, like a statute of limitations; and if there are two victims of the same or similar wrongful activity and one sues, his suit does not toll the statute of limitations for the other to sue." *Horton*, **343 F.3d at 897**. Thus, the single-filing rule cannot revive a stale claim. The rule is "inapposite to time-barred claims [of former employees]" because employers are not on notice or afforded "an opportunity to conciliate[ ] the claims of long departed employees." *EEOC v. Harvey L. Walner & Assoc*., **1995 WL 470233, *4 (N.D.Ill. 1995);** *see also EEOC v. J.D. Streett & Co. Inc*., **2006 WL 839444, at *2 (S.D.Ill. 2006)**. Even in class actions, which were identified in *Horton* as the context for the most liberal application of the single-filing rule, **343 F.3d at 900**, "only those [class members] who could have filed a charge at or after the time a charge was filed by the class representative can be included in the class." *Id*.

First, as to Arterbridge, the Court finds it disingenuous that Defendant continues to argue in its reply that Arterbridge's claim is "expressly based upon that February 3, 2003 termination from employment." In Plaintiffs' response, they indicated that this a typographical error and that Defendant is well aware that Arterbridge is a current employee. Moreover, Arterbridge's EEOC

5

Charge of Discrimination clearly shows that the latest discrimination took place on March 21, 2006, and that Arterbridge checked "continuing action." Doc. 20, Exhibit 2, p. 5. The Court will grant Plaintiffs leave to amend their complaint to reflect the correct date.

Second, the Court has reviewed the EEOC charges of Arterbridge, Elliott, Hall, Jackson and Johnson and finds that they are reasonably related to and grow out of the allegations in the complaint and the charges of their co-plaintiffs. The complaint alleges that Defendant entered into a course and pattern of conduct whereby it discriminated against Plaintiffs based on race and failed and/or refused to take action to terminate and correct racial harassment, discrimination and hostile work environment, as well as retaliating against African-American employees for exercising their civil rights and for complaining and/or reporting racial discrimination.

Arterbridge's EEOC complaint alleges discrimination based on race and color and further alleges that Defendant retaliated against him. Doc. 20, Attachment 2, at 5-7. Arterbridge provides no earliest date upon which discrimination took place but indicates that the latest date was March 21, 2006. *Id*. at 5. Arterbridge claims that he was verbally abused and unnecessarily disciplined, was discriminated against in job retention and suffered disparate treatment in his opportunities for advancement. *Id*. at 6-7.

Elliott's EEOC complaint alleges discrimination based on race and color and further alleges that Defendant retaliated against him. *Id.* at 14-16. Like Arterbridge, Elliott provides no earliest date upon which discrimination took place but indicates that the latest date was November 23, 2003. *Id*. at 14. In the fuller context of Elliott's charge, it appears that his claim is not time-barred, however, because he alleges continuing action and appears to still be employed by Defendant. He claims that he suffered disparate treatment in his opportunities for advancement, in that six times co-workers whom he had trained were promoted, and he was passed over for advancement. *Id*. at 15-

16.

Hall's EEOC complaint alleges discrimination based on race, beginning on July 3, 2006. Doc. 20, Attachment 3, at 4. She claims that she was suspended and terminated from her employment with Defendant because of her race.

Jackson's EEOC complaint alleges discrimination based on race and sex beginning July 3, 2000, with January 31, 2006, reported as the latest date discrimination took place. *Id.* at 7. She alleges that she was subjected to different terms and conditions of employment from white and male employees and was terminated from her employment because of her race and sex.[2] *Id.*

Johnson's EEOC complaint alleges race-based discrimination beginning July 3, 2006. *Id.* at 8. She alleges that she was harassed, suspended and terminated because of her race. *Id.*

It is manifestly evident that Arterbridge's, Elliott's, Hall's, Jackson's and Johnson's EEOC complaints raise issues that are "like or reasonably related to the allegations of the charge and grow out of such allegations." None of the claims are stale, in that Arterbridge and Elliott checked "continuing action" and Hall, Jackson and Johnson indicated that discrimination occurred in 2006, which falls within the period identified by Plaintiffs, *i. e.,* on or after August 16, 2005.

In sum, the Court concludes that these Plaintiffs can piggyback onto the timely filed charges of other Plaintiffs herein under the single-filing rule.

B. **Failure to satisfy the requirements of the single-filing rule (Counts II, V, VI, VIII, IX, X, XII, XIV, XVII, XVIII, XIX, XX, XXI, XXV, XXVII, XXVIII, XXX, XXXI, XXXIII, XXXIV, XXXV, XXXVI, XXXVII, XXXVIII, XXXIX, XL,**

---

[2]Plaintiffs' complaint does not encompass Jackson's claim for sex discrimination, nor could she proceed on this issue in the instant action. The Court has reviewed the EEOC charges for which right-to-sue letters were issued and finds none that allege sex discrimination. Thus, under the single-filing rule, Jackson's claim for sex discrimination could not proceed even if pled herein.

7

**XLII, XLV, XLVI, VII, CXLVI, CL and CLI)**

Defendant contends that the above Counts fail to allege any facts that satisfy the requirements of the single-filing rule. Plaintiffs respond that they have more than satisfied the pleading requirements to survive Defendant's motion to dismiss.

To reiterate the standard for surviving a motion to dismiss, *supra,* Plaintiffs need not plead specific facts, but the complaint must contain enough facts to state a claim that is plausible on its face, and the complaint must give the defendants "fair notice" of the grounds on which Plaintiffs' claim rests. "The intent of the liberal notice pleading system is to ensure that claims are determined on their merits rather than through missteps in pleading." ***Concentra Health Services*, 496 F.3d at 779-80 (citing 2 JAMES WM. MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 8.04 (3d ed. 2006);** *see also Swierkiewicz v. Sorema N.A.***, 534 U.S. 506, 514 (2002);** *Connor v. Ill. Dep't of Natural Res.***, 413 F.3d 675, 679 (7th Cir. 2005))**. "Requiring a plaintiff to plead detailed facts interfere[d] with that goal in multiple ways." ***Id*.**

> First, and most importantly, the number of factual details potentially relevant to any case is astronomical, and requiring a plaintiff to plead facts that are not obviously important and easy to catalogue would result in 'needless controversies' about what is required that could serve only to delay or prevent trial.... Second, a plaintiff might sometimes have a right to relief without knowing every factual detail supporting its right; requiring the plaintiff to plead those unknown details before discovery would improperly deny the plaintiff the opportunity to prove its claim. ***Id*. (internal citations and citations omitted)**.

Under this standard, it is sufficient that Plaintiffs have specifically alleged that they are or were, on specific dates, African-American employees of the Casino Queen, who were subjected to ongoing, continuous acts of racial discrimination, harassment, hostile work environment, retaliation, intimidation and other unlawful racially-motivated acts that occurred within the statutory period of a timely-filed administrative charge. These counts have sufficiently satisfied federal notice-pleading

8

requirements to survive a motion to dismiss.

### C. <u>Illinois Human Rights Act ("IHRA") Preemption (Counts XLVIII-XCVI)</u>

Defendant contends that Counts XLVIII through XCVI (intentional infliction of emotional distress) are preempted by the IHRA, **775 ILCS §§ 5/8-111(C), 5/2-102(D)**, and as a result, this Court lacks subject matter jurisdiction over those claims. It is Defendant's contention that Plaintiffs' emotional distress claims rely upon the same factual allegations as their claims of racial discrimination and that, as such, Plaintiffs have shown no independent basis for these claims.

Plaintiffs failed to respond to Defendant's argument and, perhaps, have thus tacitly conceded to it. Defendant's reply makes no mention of this signal failure and does not suggest that the failure to respond should be considered an admission of the merits of the motion. **SDIL-LR 7.1(c)**. Whether it should be thus considered is within the discretion of the Court. *Id*. The Court will resolve this issue on the merits rather than simply dismiss it based on Plaintiffs' failure to respond.

The IHRA prohibits various forms employment discrimination. It specifically provides that it is a civil rights violation "[f]or any employer to refuse to hire, to segregate, or to act with respect to recruitment, hiring, promotion, renewal of employment, selection for training or apprenticeship, discharge, discipline, tenure or terms, privileges or conditions of employment on the basis of unlawful discrimination[.]" **775 ILCS 5/2-102**. The Act further provides, "Except as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act." **775 ILCS 5/8-111**. The Seventh Circuit has interpreted this latter provision to preempt all state law claims "seeking redress for a 'civil rights violation' within the meaning of [the IHRA]." ***Krocka v. City of Chicago*, 203 F.3d 507, 516 (7th Cir. 2000) (citing *Geise v. Phoenix Co. of Chicago, Inc.*, 639 N.E.2d 1273, 1276 (Ill. 1994)**.

9

The IHRA preempts state tort claims that are "inextricably linked" with the underlying facts of civil rights violations listed in the IHRA. *See Tucker v. Cassiday, Schade & Gloor*, **2000 WL 968828, at\*5 (N.D.Ill. 2000)**. The only allegations in the complaint that conceivably relate to emotional distress are those for race discrimination - claims which are covered by the IHRA. Because Plaintiffs' claims for emotional distress (Counts XLVIII through XCVI ) are preempted by the IHRA, the Court lacks subject matter jurisdiction over them, and they must be dismissed pursuant to FED. R. CIV. P. 12(b)(1). *See, e.g., Smith v. Chicago Park Dist.,* **1999 WL 33883, at \* 5 (N.D.Ill. 1999) (dismissing intentional infliction claim, predicated on same facts as sexual and racial harassment claims, because of IHRA preemption**).

    D.    **<u>Failure to state a claim upon which relief may be granted (Counts XCVIII, C, CII, CIV, CV, CVI, CVII, CIX, CXI, CXIV, CXV, CXVI, CXVII, CXVIII, CXXI, CXXIII, CXXV, CXXVI, CXXVIII, CXXIX, CXXXI, CXXXII, CXXXIII, CXXXIV, CXXXV, CXXXVI, CXXXVII, CXXXVIII, CXL, CXLIII, CXLIV and CXLV) (42 U.S.C. § 1981)</u>**

Defendant contends that the above-listed counts must be dismissed because they fail to allege any facts that satisfy the factual requirements of notice pleading under FED. R. CIV. P. 8(a). Plaintiffs respond that they have sufficiently alleged facts in support of their claims for violation of 42 U.S.C. § 1981.

The Court finds it interesting that Defendant has cited the undersigned judge's decision in *Clifton v. Casino Queen, Inc*., **2006 WL 644769 (S.D.Ill. 2006)**, in support of its argument. Therein, the Court *denied* the Casino Queen's motion to dismiss for failing to make specific assertions as to the elements of a racial discrimination claim. The Court stated, "on a motion to dismiss, 'silence is not a concession ..., [s]ilence is just silence and does not justify dismissal.... When dealing with complaints ... judges must assume in the plaintiff's favor everything that could

be shown consistent with the allegations." *Id.* **at \*3 (internal citation and citation omitted)**.

Plaintiffs have pled that they "were subjected to an ongoing, systematic racially hostile work environment, including, but not limited to, disparate treatment with respect to disciple, reprimands and warnings, promotions, and assignment of duties." Complaint, ¶ 108. Consistent with its decision in *Clifton,* the Court finds that Plaintiffs have sufficiently plead a claim for racial discrimination under § 1981 to survive Defendant's motion to dismiss.

## IV.     Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's motion (Doc. 26) with respect to Plaintiffs' claims under the IHRA and **DISMISSES** Counts XLVIII-XCVI with prejudice. Defendant's motion is **DENIED** in all other respects. Plaintiffs are granted leave to amend their Complaint to reflect the correct date as to Plaintiff Arterbridge's claim and to reflect the dismissal of Counts XLVIII-XCVI. In amending, Plaintiffs should use regular numerals (modern usage) to denominate the Counts rather than Roman numerals.

**IT IS SO ORDERED.**

**DATED this 15th day of May, 2008**

**s/Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**