IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| ERIKA RENEE RILEY-JACKSON, et al., | ) ) ) | |
|---|---|---|
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 07-CV-00631-MJR |
| CASINO QUEEN, INC., a corporation, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

### I.     Introduction

On September 4, 2007, Plaintiffs filed a three-count employment discrimination action against Defendant, Casino Queen, Inc., under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*., as amended, 42 U.S.C. § 1981, the Illinois Human Rights Act, 775 ILCS 5/1-109, *et seq*., and under state common law based upon this Court's pendent jurisdiction. On July 3, 2008, Plaintiffs filed a third amended complaint ("the complaint") which, if the Court allows the joinder of additional Plaintiffs, will comprise 123 counts.

Plaintiffs, who are African-American employees and former employees of the Casino Queen, allege that they were subjected to unlawful racial discrimination, harassment and a hostile work environment as a result of the Casino Queen's unlawful conduct. Plaintiffs seek an award of compensatory damages for past and future pecuniary and non-pecuniary losses. Plaintiffs also seek punitive damages.

Plaintiffs now move for joinder of the additional plaintiffs identified in Plaintiffs' complaint (Doc. 37). The Casino Queen has responded (Doc. 41), and the motion is ready for

1

disposition.

## II.     Analysis

Rule 20(a) of the Federal Rules of Civil Procedure allows permissive joinder of plaintiffs if they assert claims "arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all those persons will arise in the action." Rule 21 authorizes the court to dismiss any misjoined party or claim at any stage of a lawsuit. The Casino Queen argues that Plaintiffs' claims are so general that it is unclear whether they assert a right to relief pursuant to Rule 20(a) and that joinder of additional Plaintiffs will require further modification of the current scheduling order.

Misjoinder occurs when parties fail to satisfy either of the two requirements set forth in Rule 20(a). *See Bailey v. N. Trust Co.,* **196 F.R.D. 513, 515 (N.D.Ill. 2000)**. There must be both a right to relief arising out of the same transaction or occurrence and a question of law or fact common to all the plaintiffs. *Id.* The Court has wide discretion when deciding whether joinder of parties is proper. *Chavez v. Illinois State Police,* **51 F.3d 612, 632 (7th Cir. 2001)**. Plaintiffs' complaint satisfies both prongs of the test.

The complaint satisfies the first prong in that Plaintiffs allege a pattern and practice of harassment and direct discrimination against African-Americans. Allegations of a widely-held policy of discrimination constitute a single transaction for Rule 20(a) purposes. *Hawkins v. Groot Industries, Inc.,* **210 F.R.D. 226, 230 (N.D.Ill. 2002) (citation omitted)**. As in *Hawkins*, Plaintiffs herein allege "discrimination during the same general time period, allege the same type of adverse employment actions, allege the same type of discrimination (race) ... at the same work location, all factors favoring joinder." *Id.* **(citing *Berry v. Ill. Dep't of Human Servs.,* 2001 WL 111035, at \*17**

**(N.D.Ill. 2001) (listing factors);** *cf. id.* **(holding joinder inappropriate where 33 plaintiffs were employed at six different facilities, complained of different types of mistreatment by different supervisors, and alleged different bases for discrimination against them))**. As to the second prong of the test, Plaintiffs' allegations involve the same issues of law and fact, such as whether Plaintiffs were subjected to harassment and a hostile work environment in violation of Title VII, § 1981 and state law. *See id.*

The Court disagrees with the Casino Queen's argument that Plaintiffs' clams are so general that it is unclear whether they assert a right to relief pursuant to Rule 20(a). Plaintiffs, Larry Beckett, Laketta Higdon, Paris Hill, Martina Conley, Nicole Wolf, Antonio Johnson and Alvin King, claim that they were terminated by the Casino Queen because of unlawful racial discrimination, harassment and hostile work environment, in violation of Title VII. Plaintiffs, Linda Nelson, Rafael Owens, Jacqueline Pearson, Janelle Quarles, Jimmie King, Kevin Mark, claim that they were deprived of their rights to the same benefits, privileges, and terms and conditions of employment accorded to white employees as a result of the Casino Queen's treatment, practices and policies, in violation of 42 U.S.C. § 1981.

Under these circumstances, the Court finds that Plaintiffs' claims are sufficiently clear to show that they assert a right to relief under Rule 20(a) and that there would be no added prejudice by trying the claims together. The Court holds that joinder of the additional Plaintiffs is proper.

As a final matter, the Casino Queen suggests that a new scheduling order may be necessary to accommodate written discovery and depositions of the newly-added Plaintiffs. The Court notes that it has set an in-court status conference on Wednesday, September 3, 2008, to

3

address a revised discovery schedule, a deadline for adding plaintiffs and a realistic trial date.

## III. Conclusion

For the above-stated reasons, the Court **GRANTS** Plaintiffs' motion to join additional Plaintiffs to Third Amended Complaint (Doc. 37). If further discovery indicates joinder was improper or ought to be revisited, the Casino Queen may file an appropriate motion for the Court's consideration.

**IT IS SO ORDERED.**

**DATED this 22nd day of August, 2008**

**s/Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**