IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ERIKA RENEE RILEY-JACKSON, et al.** | ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | Case No. 07-631-MJR |
| **CASINO QUEEN, INC.**, a corporation, | ) ) ) | |
| Defendant. | ) | JURY TRIAL DEMANDED |

### EMERGENCY REQUEST FOR AN APPEAL OF U. S. MAGISTRATE JUDGE, HONORABLE PHILIP M. FRAZIER'S, ORDERS OF JUNE 28, 2010

Comes now Defendant, **Casino Queen, Inc.**, by and through its attorneys, **Becker, Paulson, Hoerner & Thompson, P.C.**, and for its Request for an Appeal of United States Magistrate Judge Honorable Philip M. Frazier's Order of June 28, 2010, pursuant to United States District Court for the Southern District of Illinois states as follows:

### FACTS

Seventy-Six (76) Plaintiffs brings claims for racial discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*. and 42 U.S.C. §1981 in Plaintiffs Fourth Amended Complaint.  Plaintiffs' claims were first filed in this suit in Plaintiff's Initial Complaint on September 4, 2007.

On April 7, 2010, the Court Approved and Entered the Amended Joint Proposed Scheduling Order as submitted by the parties.  (DOC 85).  Said Order states in pertinent part:

"1.    All discovery shall be completed on or before May 5, 2010.
2.    All dispositive motions and motions to sever shall be filed pursuant to the

>following schedule:
>
>a. As to Group 1 Food and Beverage employees (identified on the attached Exhibit A):
>
>>1. Defendant shall file all Motions on or before: July 2, 2010..."

(DOC 85).

On or about May 4, 2010, the Parties signed a joint stipulation whereby the parties agreed to extend the discovery deadline up to and including June 5, 2010, a copy of which is attached and incorporated herein as Exhibit A.

Defendant completed discovery in compliance with the June 5, 2010, deadline including but not limited to the supplementation of all written discovery responses, the taking of approximately eighty (80) depositions and the production of in excess of fifteen thousand documents.

On July 2, 2010, in compliance with the Court's Scheduling Order, Defendant filed Motions for Summary Judgment as to thirty-four (34) of the Plaintiffs.

Despite the Parties' agreed discovery deadline of June 5, 2010, the Court's Order of April 7, 2010, and the fact that Defendant has already filed dispositive motions as to thirty-four (34) of the Plaintiffs, Plaintiffs continue, to date, to answer written discovery and to set depositions.  Plaintiffs never asked Defendant for an extension of the June 5, 2010 discovery deadline or filed a motion with the Court requesting same.  Plaintiff has, in fact, served upon Defendant Notice of Depositions of three additional deponents, one which is set for July 8, 2010, two days from now.

On June 28, 2010, the Parties attended a Discovery Dispute Conference before United States Magistrate Judge, Honorable Philip M. Frazier wherein Defendant orally moved to quash Plaintiff's deposition notices for depositions to be taken past the agreed

discovery deadline. (DOC 99). In response, the Honorable Philip M. Frazier lifted the agreed discovery deadline as to Plaintiffs and declined to impose a new discovery deadline. (DOC 99).[1] Defendant reminded the Court that Defendant had completed far more voluminous discovery than Plaintiffs and had still complied with the discovery deadline and that Plaintiffs had had nearly three (3) years to complete discovery and requested that the Court enforce the June 5, 2010 discovery deadline. Moreover Defendant reminded the Court that Defendant was filing dispositive Motions on July 2, 2010 and requested that the Court, at least, not permit discovery past the dispositive motion deadline. The Court again declined to impose a discovery deadline on Plaintiffs and further noted that Plaintiffs may be put on notice regarding additional information they may want to seek through discovery *by reading Defendant's dispositive motions*.

Additionally, the Court declined to compel Plaintiffs to answer Defendant's 2nd Supplemental Interrogatories served on each individual Plaintiff on May 6, 2009. On August 6, 2009, Defendant sent Plaintiffs' counsel correspondence pursuant to Rule 37 requesting that Plaintiffs respond to Defendant's 2nd Supplemental Interrogatories. On August 11, 2009, in excess of ninety (90) days after Plaintiffs were served Defendant's Supplemental Interrogatories, Defendant received Plaintiffs' collective "Objections and Response" to Defendant's Supplemental Interrogatories despite the fact that these interrogatories were served on each Plaintiff individually. A copy of Defendant's 2nd Supplemental Interrogatories and Plaintiffs' "objections and Response" to same is

---

[1] Though the Court issued an Order on July 1, 2010 regarding the June 28, 2010 proceedings, said order does not address the above-referenced discovery deadline issue or the ruling regarding Defendant's 2nd Supplemental Interrogaotries. (DOC 121). Additionally, a transcript of the proceedings is not yet avaialble. Accordingly,

attached and incorporated herein as Exhibit B.  The Court had previously ruled that all of Defendant's objections to written discovery which were not made within thirty (30) days were waived.  However, the Court declined to impose the same rule on Plaintiffs regarding Defendant's 2nd Supplemental Interrogatories and further declined to compel Plaintiffs' to Answer on the basis that the information sought was "irrelevant."

## ARGUMENT

The above-referenced Orders of United States Magistrate Judge Honorable Philip M. Frazier are clearly erroneous and contrary to law.

The Court's *sua sponte* lifting of the agreed discovery deadline only as to Plaintiffs and refusal to impose a new deadline is erroneous and contrary the Federal Rules of Civil Procedure 26 through 37.  Moreover, the extension of the discovery deadline beyond Defendant's deadline for filing dispositive motions so that Plaintiffs may glean from Defendant's motions new information that they may wish to seek out through additional discovery is clearly erroneous and highly prejudicial to Defendant.

The Court's failure to compel Plaintiffs to Answer Defendant's 2nd Supplemental Interrogatories which were not objected to within 30 days of service, while contrarily imposing waiver of Defendant's objections for failure to object to Plaintiffs' written interrogatories within 30 days, is clearly erroneous.  Moreover, the Court's failure to compel Plaintiffs to Answer Defendant's 2nd Supplemental Interrogatories because the information sought is not "relevant" is clearly erroneous and contrary to law as it constitutes an evidentiary ruling.  The standard for discovery is not relevancy but,

---

Defendant's representations herein regarding the Court's oral Orders in said proceedings are paraphrasesd to the best of Defendants memory.

4

rather, whether said request is "reasonably calculated to lead to the discovery of admissible evidence" pursuant to Rule 26(b)(1). Regardless, Plaintiffs objections to said request should be waived.

As Plaintiffs' have set a deposition for July 8, 2010, two days from today, Defendant requests an emergency hearing and/or ruling on the matters set forth herein.

## CONCLUSION

For the foregoing reasons, Defendant, **Casino Queen, Inc.**, respectfully requests that this Court overrule the above-referenced Orders of the Magistrate Judge, re-impose and enforce the June 5, 2010 discovery deadline, compel Plaintiffs to Answer Defendant's 2nd Supplemental Interrogatories and order such other relief as this Court deems just and proper.

**BECKER, PAULSON, HOERNER & THOMPSON, P.C.**

By:   s/ Kevin T. Hoerner
  **Kevin T. Hoerner**
  No.  06196686
  **Garrett P. Hoerner**
  No. 06243119
  **Sean K. Cronin**
  No. 06292624

ATTORNEYS FOR DEFENDANT
5111 West Main Street
Belleville, Illinois  62226-4797
(618) 235-0020

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |  |
|---|---|---|
| **ERIKA RENEE RILEY-JACKSON, et al.** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 07-631-MJR |
| | ) | |
| **CASINO QUEEN, INC.**, a corporation, | ) | |
| | ) | |
| Defendant. | ) | JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

I hereby certify that on this 6nd day of July, 2010, I electronically filed this document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Stephen McGlynn  
McGlynn & McGlynn  
116 South Charles Street  
Belleville, Illinois 62220

Mark S. Schuver  
William J. Niehoff  
Mathis, Marifian, Richter & Grandy, LTD.  
23 Public Square, Suite 300  
Belleville, Illinois 62220

**BECKER, PAULSON, HOERNER & THOMPSON, P.C.**

By: s/ Kevin T. Hoerner  
**Kevin T. Hoerner**  
No. 06196686

ATTORNEYS FOR DEFENDANT  
5111 West Main Street  
Belleville, Illinois 62226-4797  
(618) 235-0020