IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIKA RENEE RILEY-JACKSON, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. 07-cv-0631-MJR |
| CASINO QUEEN, INC., a corporation, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM & ORDER**

**REAGAN, District Judge:**

### I. Introduction

On September 4, 2007, African-American employees and former employees of Defendant Casino Queen, Inc., filed suit against Defendant under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, as amended, the Illinois Human Rights Act, 775 ILCS 5/1-109, *et seq.*, and state common law. Plaintiffs, currently numbering 76, allege that they were subjected to unlawful racial discrimination, harassment and a hostile work environment. They seek compensatory damages for past and future pecuniary and non-pecuniary losses as well as punitive damages.

On July 6, 2010, Defendant filed an emergency appeal of United States Magistrate Judge Philip M. Frazier's June 23 and July 1 orders (Doc. 162). Defendant requests that the undersigned Judge overrule the orders entered by Judge Frazier, re-impose and enforce the June 5, 2010, discovery deadline and compel Plaintiffs to answer

-1-

Defendant's Second Supplemental Interrogatories. Defendant's appeal is fully briefed, and a hearing was held on July 14. The Court ruled orally from the bench and now follows with its written Order.

**II.   Analysis**

Central to the current appeal is the joint proposed scheduling plan approved and entered by Magistrate Judge Frazier on April 7, 2010 (Doc. 85). As relevant herein, the scheduling plan provides:

> 1. All discovery shall be completed on or before May 5, 2010.
> 2. All dispositive motions and motions to sever shall be filed pursuant to the following schedule:
> a. As to Group 1 Food and Beverage employees (identified on the attached Exhibit A):
> 1. Defendant shall file all Motions on or before: July 2, 2010....

According to Defendant, it completed discovery in compliance with the June 5 deadline, supplementing all written discovery responses, taking approximately 80 depositions and producing in excess of 15,000 documents. Defendant contends that, despite the deadline and that Defendant has already filed dispositive motions as to 34 Plaintiffs, Plaintiffs continue to answer written discovery and have set three additional depositions, including one set for July 8.[1] Defendant argues that Judge Frazier's lifting the agreed discovery deadline and refusing to impose a new deadline is erroneous and contrary to Rules 26 through 37 of the Federal Rules of Civil Procedure.

---

[1] On July 8, 2010, the Court set this matter for in-court argument and ordered that no depositions be taken until that time (Doc. 163).

Defendant also contends that Judge Frazier declined to impose the same rule on Plaintiffs that he imposed on Defendant.  Specifically, Defendant submits that Judge Frazier ruled that all of Defendant's objections to written discovery which were not made within 30 days were waived.  However, according to Defendant, Judge Frazier did not impose the same rule on Plaintiffs regarding Defendant's 2nd Supplemental Interrogatories and further declined to compel Plaintiffs' to answer on the basis that the information sought was "irrelevant."

Plaintiffs respond that Defendant has not complied with discovery requirements and that this lack of compliance culminated in two day-long hearings before Judge Frazier.  Plaintiffs submit that most of these discovery disputes fall into two general categories: (1) discovery Defendant claimed that it could not provide because its computer systems and other available resources were unable to provide the requested information; and (2) instances where the Defendant claimed that it did not have responsive documents or information.  Plaintiffs assert that these contentions were directly contradicted by Defendant's own personnel during depositions taken by the Plaintiff.

As to the Supplemental Interrogatories, Plaintiffs submit that questionnaire at issue was prepared by counsel and distributed in a confidential manner relating solely to "clients."  Plaintiffs contend that the questionnaire contains the thought process, work and legal analysis of Plaintiffs' counsel and, as such, is protect by attorney-client privilege and the work product doctrine.

**Local Rule 73.1** provides for review and appeal of Magistrate Judge's orders or

recommendations:

(a) Appeal of Non-Dispositive Matters - 28 U.S.C. § 636(b)(1)(A)

Any party may appeal a Magistrate Judge's order determining a motion or matter within **14 days** after issuance of the Magistrate Judge's order, unless a different time is prescribed by the Magistrate Judge or a District Judge. The party shall file with the Clerk of Court and serve on all parties a written request for an appeal which shall specifically designate the order or part of the order that the parties wish the Court to reconsider. A District Judge shall reconsider the matter and shall set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. A District Judge may also reconsider sua sponte any matter determined by a Magistrate Judge under this rule.

In the case at bar, Judge Frazier's orders were filed on June 23 and July 1. As a result, Defendant's July 6 appeal is timely. Accordingly, this District Judge will reconsider the matter and set aside any portion of Magistrate Judge Frazier's orders which are clearly erroneous or contrary to law. **28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.")**. A finding is clearly erroneous when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364 395 (1948); *see also Weeks v. Samsung Heavy Industries Co. Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997)). "Ordinarily, under clearly erroneous review, if there are two permissible views, the reviewing court should not overturn the decision solely because it

would have not chosen the other view." *Westefer v. Snyder,* **472 F.Supp.2d 1034, 1037 (S.D.Ill. 2006) (citations omitted)**. The question, then, is whether Judge Frazier's discovery orders were clearly erroneous or contrary to law.

After careful consideration of the parties' written submissions and oral argument, the Court ruled on the record as follows:

1) **Plaintiffs' Objections and Response to Defendant's Supplemental Interrogatories dated May 6, 2009 (Doc. 162-2)**: Plaintiffs are not required to answer Interrogatory #1. However, Plaintiffs must respond to Interrogatory #2 within 35 days of the date of this Order, indicating - as to each individual Plaintiff - if Plaintiff was provided with a copy of the questionnaire (Exhibit A), by whom and when. In requiring that this information be provided, the Court does not decide whether it would be admissible at trial.

2) **Terrance Stith Deposition**: Although the discovery deadline has elapsed, no prejudice flows from allowing Mr. Stith, a deckhand, to be deposed because summary judgment motions as to deckhands are not due until September 10, 2010. Mr. Stith's deposition shall be taken within 14 days of the date of this Order.

3) **Bessie Jones Deposition**: Plaintiffs are barred from taking Ms. Jones's deposition because the deadline has passed, and there is not enough

        evidence for the Court to conclude that Ms. Jones is infirm or otherwise unlikely to be able to testify.

4)     **Rule 30(b)(6) Deposition**: Because the undersigned Judge cannot find that Judge Frazier's ruling allowing a 30(b)(6) deposition is clearly erroneous, the Court overrules Defendant's objection. The Court orders Defendant to produce for deposition a corporate designee who is most knowledgeable about Defendant's affirmative action policy and eligible resident participation agreement within 21 days of the date of this Order.

A final matter taken up at the July 14 hearing was the question of how exhibits are to be linked or attached to the deposition transcripts that have been filed. Having consulted with the Clerk's Office, the Court concludes that this can only be accomplished by Court Order requiring counsel to e-mail the exhibits to the Clerk's Office in pdf format and requiring the Clerk of Court to attach them to the transcripts identified by counsel. The exhibits are to be e-mailed to newcase_eaststlouis@ilsd.uscourts.gov.

### III.   Conclusion

As set forth in detail above regarding Defendant's Appeal of Magistrate Judge Orders (Doc. 162), the Court **AFFIRMS** in part and **VACATES** in part Judge Frazier's Orders (Docs. 97, 121). The Court further Orders counsel to e-mail the exhibits to the deposition transcripts in pdf format to the Clerk's Office at newcase_eaststlouis@ilsd.uscourts.gov, identifying specifically the transcript or transcripts

to which the exhibits are to be attached.  The Clerk's Office shall attach the exhibits to the transcripts identified by counsel.

**IT IS SO ORDERED.**

**DATED this 15th day of July, 2010**

**s/Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**
