IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ERIKA RENEE RILEY-JACKSON, et al., )
)
               Plaintiffs, )
)
vs. ) Case No. 07-cv-0631-MJR-PMF
)
CASINO QUEEN, INC., )
)
               Defendant. )

**MEMORANDUM AND ORDER**
**DENYING SUMMARY JUDGMENT MOTION**
**AS TO PLAINTIFF MARVIN WRIGHT (DOC. 261)**

REAGAN, District Judge:

       A.      Introduction and Procedural Overview

On September 4, 2007, Plaintiffs filed a three-count employment discrimination action against Casino Queen, Inc., under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, as amended, the Illinois Human Rights Act, 775 ILCS 5/1-109, *et seq.*, and state common law (the latter claims based on this Court's pendent jurisdiction). Additional Plaintiffs joined the suit via a November 12, 2007 Second Amended Complaint. Three other amended complaints followed.

Plaintiffs, African-American employees and former employees of the Casino Queen, allege that they were subjected to unlawful racial discrimination, harassment and a hostile work environment as a result of the Casino Queen's unlawful conduct. Plaintiffs seek an award of compensatory damages for past and future pecuniary and non-pecuniary losses, as well as punitive damages.

Now before the Court is Defendant Casino Queen (CQ)'s motion for summary judgment as to Plaintiff Marvin Wright (Doc. 261). CQ seeks summary judgment under Federal Rule of Civil Procedure 56. The motion is fully briefed with supporting memorandum, response, reply, and sur-reply filed (Docs. 261, 386, 437, 478). Analysis begins with an overview of applicable legal standards.

B.  Analysis

Summary judgment is appropriate where the pleadings, discovery materials, and any affidavits show that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *Turner v. The Saloon, Ltd.*, 595 F.3d 679, 683 (7th Cir. 2010); *Durable Mfg. Co. v. U.S. Department of Labor*, 578 F.3d 497, 501 (7th Cir. 2009), *citing* FED. R. CIV. P. 56(c). *Accord Alabama v. North Carolina*, -- U.S. --, 130 S. Ct. 2295, 2308 (2010); *Levy v. Minnesota Life Ins. Co.*, 517 F.3d 519 (7th Cir. 2008); *Breneisen v. Motorola, Inc.*, 512 F.3d 972 (7th Cir. 2008), *citing Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

In ruling on a summary judgment motion, the district court must construe all facts in the light most favorable to, draw all legitimate inferences in favor of, and resolve all doubts in favor of the non-moving party. *National Athletic Sportswear, Inc. v. Westfield Ins. Co.*, 528 F.3d 508, 512 (7th Cir. 2008). *Accord Reget v. City of La Crosse*, 595 F.3d 691 (7th Cir. 2010); *TAS Distributing Co., Inc. v. Cummins Engine Co., Inc.*, 491 F.3d 625, 630 (7th Cir. 2007).

What the undersigned may *not* do in deciding a summary judgment motion is evaluate the weight of the evidence, judge the credibility of witnesses or

determine the truth of the matter.  The court's only role is to determine whether there is a genuine issue of triable fact.  *National Athletic*, **528 F.3d at 512,** *citing Doe v. R.R. Donnelley & Sons Co.*, **42 F.3d 439, 443 (7th Cir. 1994).**

A factual dispute is genuine "only if a reasonable jury could find for either party," and disputed facts must be outcome-determinative to be "material" and preclude summary judgment.  *Montgomery v. American Airlines, Inc.*, **626 F.3d 382, 389 (7th Cir. 2010).**  *See also Van Antwerp v. City of Peoria, Illinois*, **627 F.3d 295, 297 (7th Cir. 2010).**  But, as the Seventh Circuit Court of Appeals reiterated just days ago, in assessing the record before him, the undersigned Judge bears in mind that "the party opposing the motion gets the benefit of all facts that a reasonable jury might find." *Loudermilk v. Best Pallet Co., LLC.*, **-- F.3d --, 2011 WL 563765, \*2 (7th Cir. Feb. 18, 2011).**

In the instant case, Marvin Wright asserts claims of race discrimination and hostile work environment in violation of Title VII and 42 U.S.C. § 1981 (Counts 56, 116).

For a plaintiff to prevail on these claims, he must prove that – as a result of intentional discrimination – he was denied the enjoyment of the benefits, privileges, terms or conditions of his employment contract.  The plaintiff may satisfy this burden by presenting "direct" evidence of the employer's discriminatory intent or by availing himself of the "indirect" burden-shifting method first set forth in *McDonnell-Douglas Corp. v. Green*, **411 U.S. 792, 802 (1973).**

Section 1981 claims are subject to a four-year statute of limitations. *Jones v. RR. Donnelley & Sons Co.*, **541 U.S. 369, 381-82 (2004);** *Dandy v. United Parcel Serv., Inc.*, **388 F.3d 263, 269 (7th Cir. 2004).** Although Marvin Wright's claims were added in the second amended complaint (filed November 12, 2007), this Court previously determined that all claims herein relate back to the original complaint (filed September 4, 2007). *See, e.g.*, **Doc. 444.** Therefore, any § 1981 claims regarding discriminatory acts that allegedly took place prior to September 4, 2003, are barred by the applicable statute of limitations.

CQ points out that Wright, prior to filing this suit, did not file a discrimination charge with the United States Equal Employment Opportunity Commission (EEOC). To bring an action in federal court under Title VII of the Civil Rights Act of 1964, a plaintiff must file a charge of discrimination with the EEOC within 300 days "after the alleged unlawful employment practice occurred." **42 U.S.C. § 2000e-5(e).** Unlike Title VII claims, though, claims brought under § 1981 do not require a plaintiff to bring charges with the EEOC before filing suit in federal court. *See Fane v. Locke Reynolds, LLP*, **480 F.3d 534, 539 (7th Cir. 2007).** Nor is the lack of an EEOC charge an impediment to Wright because he may proceed under the single-filing (or "piggybacking") doctrine, a judge-made exception to the general rule that a timely administrative charge is a prerequisite to a Title VII suit. *Horton v. Jackson County Board of County Commissioners*, **343 F.3d 897, 899 (7th Cir. 2003).** Simply put, this doctrine allows a plaintiff who failed to comply with the requirement of filing a timely administrative charge to join a lawsuit initiated by a complying plaintiff if the

4

noncompliant plaintiff's claim "arises out of the same or similar discriminatory conduct, committed in the same period," as the claim in the existing suit. *Id.***, 343 F.3d at 899-900**. Finding that Wright may piggyback onto the timely-filed charges of other Plaintiffs herein, the Court proceeds to consider whether Defendant CQ has demonstrated a valid basis for summary judgment on Wright's race discrimination and hostile work environment claims.

Marvin Wright, an African-American male, was hired in February 2000 and worked as a wheelchair pusher and security guard. His employment was terminated in June 2007. He contends that he was discriminated against in shift changes, promotion and in his discharge from employment with CQ. These actions fall within the four-year § 1981 statute of limitations, so the Court turns to CQ's merits-based arguments for summary judgment – that Wright fails under both the direct and indirect methods of proving discrimination.

Accepting (for purposes of resolving this motion) CQ's argument that Wright has not presented direct evidence of race discrimination, and having carefully reviewed the voluminous record before it, the Court concludes that summary judgment is not warranted as to Wright. Viewing the facts and reasonable inferences in the light most favorable to Wright (the nonmovant), the Court finds as follows.

Wright has come forward with sufficient evidence to satisfy each of the elements of the indirect method of proof: (1) that he was a member of a protected class, (2) that he was performing his job satisfactorily, (3) that he suffered an adverse

employment action, and (4) that CQ treated similarly-situated people outside his protected class more favorably. *Montgomery.*, **626 F.3d at 394.**

CQ next asserts that it had a nondiscriminatory reason for the adverse employment actions taken against Plaintiff Wright -- specifically, that in the four years prior to Wright's termination, he received warning notices (six in all) for failing to get back-up while escorting a patron off the premises, for not escorting a patron far enough away from the Casino, for arriving at work unshaven on two separate occasions, for getting into a physical confrontation with a patron (5-day suspension), for failing to sign his job number to a slot jackpot ticket Machine #6375 and for failing to turn in his tip form 4070. Ultimately, Wright was fired for allowing an underage female patron into the Casino in violation of company policy and Illinois Gaming Regulations.

But Wright has produced sufficient evidence that these proffered reasons were a *pretext* for race discrimination. *See Stockwell v. City of Harvey*, **597 F.3d 895, 901 (7th Cir. 2010).** Wright testified that white security guards (Linda Ecoles and Scott Gunnerson) let an underage person into the Casino and were suspended, not terminated. He also testified that another black security guard, Willie Waits, was terminated for the same violation. Wright testified to the lack of opportunity for promotion for black security guards. During the approximately six years that Wright was employed as a security guard, only two black employees were promoted to corporal and there were no black sergeants. Wright testified that he was told not to waste his time applying for promotion because he lacked the education and background in military or law enforcement to be promoted. However, according to

6

Wright, white employees (Kupinski, Kupinski's girlfriend and Larry Webber) were promoted in spite of the fact that they lacked this background. Finally, as explained in prior Court Orders denying summary judgment motions in this case (*see, e.g.*, Doc. 519, p. 13), the *Faragher-Ellerth* affirmative defense is not available to CQ.

Marvin Wright has presented sufficient evidence to create a triable issue as to whether the actions taken against him had a discriminatory motivation. *See Montgomery*, **626 F.3d at 393**, *citing Rudin v. Lincoln Land Cmty. Coll.*, **420 F.3d 712, 721 (7th Cir. 2005).** Genuine issues of material fact preclude the entry of summary judgment as to Plaintiff Wright on his claim of racial discrimination.

As to Wright's claim of a hostile work environment, "[u]nder Title VII, a hostile work environment exists when racially-motivated conduct is so severe or pervasive that it is objectively hostile and the victim [himself] finds it abusive." *Hendricks v. Illinois Dep't of Human Services*, **80 Fed.Appx. 489, 491(7th Cir. 2003)** *See Nat'l R.R., Passenger Corp. v. Morgan*, **536 U.S. 101, 116 (2002);** *see also Harris v. Forklift Sys., Inc.*, **510 U.S. 17, 21-22 (1993); 42 U.S.C. § 2000e-2(a)(1)**. In evaluating such claims, the Court must consider "the frequency of the alleged discriminatory conduct, its severity, whether it is humiliating or merely offensive, and whether it interferes with an employee's work performance." *Id.* **(citing *Nat'l R.R.*, 536 U.S. at 116).** The Seventh Circuit explained that only a "hellish" environment is actionable and that "unpleasant or boorish behavior" was not prohibited under Title VII. *Id.* **(citing *Rogers v. City of Chicago*, 320 F.3d 748, 752 (7th Cir. 2003) (in the context of a sexual harassment claim)**.

Wright testified to a lengthy list of harassing and humiliating treatment to which he was subjected. He testified that he was disciplined for turning in a tip form where white employees were not, harassed about needing a shave where white employees came to work with shadows, subjected to shorter breaks and disparate treatment with regard to call-offs and sick days, drug-tested, denied the opportunity to work special events and overtime, forced to work in tougher conditions and denied the opportunity for promotion. Wright also offers the testimony of Human Resources Director Cheryl Childress that a racially hostile environment was "universal" and "endemic throughout the entire casino." Similarly, another Human Resources Director, Betty Smith, testified that a racially hostile environment was "pervasive and systematic" as a result of the acts and omissions of General Manager Thomas Monaghan and General Counsel Jeff Watson.

In sum, Wright has provided sufficient evidence to stave off summary judgment on his hostile work environment claim.

C. Conclusion

Accordingly, the Court DENIES Defendant CQ's motion for summary judgment as to Marvin Wright (Doc. 261).

IT IS SO ORDERED.

DATED March 1, 2011

s/ Michael J. Reagan
Michael J. Reagan
United States District Judge