IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIKA RENEE RILEY-JACKSON, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 07-cv-0631-MJR-PMF |
| | ) |
| CASINO QUEEN, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER
DENYING SUMMARY JUDGMENT MOTION
AS TO PLAINTIFF VIVIAN AGNEW (DOC. 283)**

REAGAN, District Judge:

    A.    <u>Introduction and Procedural Overview</u>

On September 4, 2007, Plaintiffs filed a three-count employment discrimination action against Casino Queen, Inc., under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, as amended, the Illinois Human Rights Act, 775 ILCS 5/1-109, *et seq.*, and state common law (the latter claims based on this Court's pendent jurisdiction). Additional Plaintiffs joined the suit via a November 12, 2007 Second Amended Complaint. Three other amended complaints followed.

    Plaintiffs, African-American employees and former employees of the Casino Queen, allege that they were subjected to unlawful racial discrimination, harassment and a hostile work environment as a result of the Casino Queen's unlawful conduct. Plaintiffs seek an award of compensatory damages for past and future pecuniary and non-pecuniary losses, as well as punitive damages.

1

Now before the Court is Defendant Casino Queen (CQ)'s motion for summary judgment as to Plaintiff Vivian Agnew. CQ seeks summary judgment under Federal Rule of Civil Procedure 56 at Doc. 283 with plaintiff responding at Doc. 377.

B. <u>Analysis</u>

Summary judgment is appropriate where the pleadings, discovery materials, and any affidavits show that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *Turner v. The Saloon, Ltd.*, 595 F.3d 679, 683 (7th Cir. 2010); *Durable Mfg. Co. v. U.S. Department of Labor*, 578 F.3d 497, 501 (7th Cir. 2009), *citing* FED. R. CIV. P. 56(c). *Accord Alabama v. North Carolina*, -- U.S. --, 130 S. Ct. 2295, 2308 (2010); *Levy v. Minnesota Life Ins. Co.*, 517 F.3d 519 (7th Cir. 2008); *Breneisen v. Motorola, Inc.*, 512 F.3d 972 (7th Cir. 2008), *citing Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

In ruling on a summary judgment motion, the district court must construe all facts in the light most favorable to, draw all legitimate inferences in favor of, and resolve all doubts in favor of the non-moving party. *National Athletic Sportswear, Inc. v. Westfield Ins. Co.*, 528 F.3d 508, 512 (7th Cir. 2008). *Accord Reget v. City of La Crosse*, 595 F.3d 691 (7th Cir. 2010); *TAS Distributing Co., Inc. v. Cummins Engine Co., Inc.*, 491 F.3d 625, 630 (7th Cir. 2007).

What the undersigned may *not* do in deciding a summary judgment motion is evaluate the weight of the evidence, judge the credibility of witnesses or determine the truth of the matter. The court's only role is to determine whether there is

a genuine issue of triable fact. *National Athletic*, **528 F.3d at 512**, *citing Doe v. R.R. Donnelley & Sons Co.*, **42 F.3d 439, 443 (7th Cir. 1994).**

A factual dispute is genuine "only if a reasonable jury could find for either party," and disputed facts must be outcome-determinative to be "material" and preclude summary judgment. *Montgomery v. American Airlines, Inc.*, **626 F.3d 382, 389 (7th Cir. 2010).** *See also Van Antwerp v. City of Peoria, Illinois*, **627 F.3d 295, 297 (7th Cir. 2010).** But, as the Seventh Circuit Court of Appeals reiterated just days ago, in assessing the record before him, the undersigned Judge bears in mind that "the party opposing the motion gets the benefit of all facts that a reasonable jury might find." *Loudermilk v. Best Pallet Co., LLC.*, **-- F.3d --, 2011 WL 563765, \*2 (7th Cir. Feb. 18, 2011).**

In the instant case, Plaintiff claims racial discrimination in her termination of January 16, 2006. The CQ maintains she was terminated for violating various policies and procedures, and also insists that summary judgment is warranted because Plaintiff failed to file a timely discrimination charge with the U.S. Equal Employment Opportunity Commission (EEOC), regarding the discriminatory acts of which she complains. Plaintiff counters that her cause of action should be considered timely-filed under the "single filing doctrine." She also states a claim for hostile work environment.

The Seventh Circuit has explained that the single-filing (or "piggybacking") doctrine is a judge-made exception to the general rule that a timely administrative charge is a prerequisite to a Title VII suit. *Horton v. Jackson County*

3

*Board of County Commissioners*, **343 F.3d 897, 899 (7th Cir. 2003).** Simply put, this doctrine allows a plaintiff who failed to comply with the requirement of filing a timely administrative charge to join a lawsuit initiated by a complying plaintiff if the noncompliant plaintiff's claim "arises out of the same or similar discriminatory conduct, committed in the same period," as the claim in the existing suit. *Id.*, **343 F.3d at 899-900**.

Having carefully scrutinized the voluminous record before it, and viewing the facts and reasonable inferences in the light most favorable to Plaintiff (the nonmovant), the Court finds Plaintiff may avail herself of the single-filing rule.

Plaintiff has not presented direct evidence of race discrimination, and, again, viewing the facts and reasonable inferences in the light most favorable to Plaintiff, the Court finds as follows.

Plaintiff Vivian Agnew has come forward with sufficient evidence to satisfy each of the elements of the indirect method of proof: (1) that she was a member of a protected class, (2) that she was performing his job satisfactorily, (3) that she suffered an adverse employment action, and (4) that CQ treated similarly-situated people outside her protected class more favorably. *Montgomery.*, **626 F.3d at 394.**

CQ next asserts that it had a nondiscriminatory reason for the adverse employment action (discharge) taken against Plaintiff because she accrued more than $1,000.00 in variances in a rolling year period. Plaintiff responds that a white female with the same job and responsibilities served only a four-day suspension for a $2,000.00 single-transaction variance. Plaintiff has produced sufficient evidence that the CQ's proffered reasons were a *pretext* for race discrimination. *See Stockwell v. City of*

4

*Harvey*, **597 F.3d 895, 901 (7th Cir. 2010).** Finally, as explained in prior Court Orders denying summary judgment motions in this case (*see, e.g.*, Doc. 519, p. 13), the *Faragher-Ellerth* affirmative defense is not available to CQ.

Furthermore, genuine issues of material fact remain regarding Plaintiff Vivian Agnew which preclude the entry of summary judgment. She has presented sufficient evidence to create a triable issue as to whether the actions against taken her had a discriminatory motivation. *See Montgomery*, **626 F.3d at 393**, *citing Rudin v. Lincoln Land Cmty. Coll.*, **420 F.3d 712, 721 (7th Cir. 2005).**

C. <u>Conclusion</u>

For the above-stated reasons, the Court DENIES Defendant CQ's motion for summary judgment as to Plaintiff Vivian Agnew (Doc. 283). The Motion to Sever in Doc. 283 is also DENIED.

IT IS SO ORDERED.

DATED March 1, 2011

<u>s/Michael J. Reagan</u>
Michael J. Reagan
United States District Judge