IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ERIKA RENEE RILEY-JACKSON, et al., )
)
                        Plaintiffs, )
)
vs. )   Case No. 07-cv-0631-MJR-PMF
)
CASINO QUEEN, INC., )
)
                        Defendant. )

**MEMORANDUM AND ORDER
DENYING SUMMARY JUDGMENT MOTION
AS TO PLAINTIFF GWENDOLYN JACKSON (DOC. 147)**

REAGAN, District Judge:

      A.      Introduction and Procedural Overview

On September 4, 2007, Plaintiffs filed a three-count employment discrimination action against Casino Queen, Inc., under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, as amended, the Illinois Human Rights Act, 775 ILCS 5/1-109, *et seq.*, and state common law (the latter claims based on this Court's pendent jurisdiction). Additional Plaintiffs joined the suit via a November 12, 2007 Second Amended Complaint.

Plaintiffs, African-American employees and former employees of the Casino Queen, allege that they were subjected to unlawful racial discrimination, harassment and a hostile work environment as a result of the Casino Queen's unlawful conduct. Plaintiffs seek an award of compensatory damages for past and future pecuniary and non-pecuniary losses, as well as punitive damages.

Now before the Court is Defendant Casino Queen (CQ)'s motion for summary judgment as to Plaintiff Gwendolyn Jackson ("Jackson") (Doc. 147). CQ seeks summary judgment under Federal Rule of Civil Procedure 56. The motion is fully briefed with supporting memorandum, response, reply, and sur-reply filed (Docs. 147, 206, 337, 349). Analysis begins with an overview of applicable legal standards.

B.   Analysis

Summary judgment is appropriate where the pleadings, discovery materials, and any affidavits show that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *Turner v. The Saloon, Ltd.*, 595 F.3d 679, 683 (7th Cir. 2010); *Durable Mfg. Co. v. U.S. Department of Labor*, 578 F.3d 497, 501 (7th Cir. 2009), *citing* FED. R. CIV. P. 56(c). *Accord Alabama v. North Carolina*, -- U.S. --, 130 S. Ct. 2295, 2308 (2010); *Levy v. Minnesota Life Ins. Co.*, 517 F.3d 519 (7th Cir. 2008); *Breneisen v. Motorola, Inc.*, 512 F.3d 972 (7th Cir. 2008), *citing Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

In ruling on a summary judgment motion, the district court must construe all facts in the light most favorable to, draw all legitimate inferences in favor of, and resolve all doubts in favor of the non-moving party. *National Athletic Sportswear, Inc. v. Westfield Ins. Co.*, 528 F.3d 508, 512 (7th Cir. 2008). *Accord Reget v. City of La Crosse*, 595 F.3d 691 (7th Cir. 2010); *TAS Distributing Co., Inc. v. Cummins Engine Co., Inc.*, 491 F.3d 625, 630 (7th Cir. 2007).

What the undersigned may *not* do in deciding a summary judgment motion is evaluate the weight of the evidence, judge the credibility of witnesses or

2

determine the truth of the matter. The court's only role is to determine whether there is a genuine issue of triable fact. *National Athletic*, 528 F.3d at 512, *citing Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994).

A factual dispute is genuine "only if a reasonable jury could find for either party," and disputed facts must be outcome-determinative to be "material" and preclude summary judgment. *Montgomery v. American Airlines, Inc.*, 626 F.3d 382, 389 (7th Cir. 2010). *See also Van Antwerp v. City of Peoria, Illinois*, 627 F.3d 295, 297 (7th Cir. 2010). But, as the Seventh Circuit Court of Appeals reiterated just days ago, in assessing the record before him, the undersigned Judge bears in mind that "the party opposing the motion gets the benefit of all facts that a reasonable jury might find." *Loudermilk v. Best Pallet Co., , LLC.*, -- F.3d --, 2011 WL 563765, *2 (7th Cir. Feb. 18, 2011).

In the instant case, via the Sept 9, 2007 original Complaint (Doc. 2) and later amended complaints (Docs. 8, 20, 38, 54, 325), Jackson asserts three counts (Counts 25, 82 and 119) against CQ: (1) that she was subjected to unlawful racial discrimination, harassment and hostile work environment, in violation of Title VII; (2) that she was deprived of her right to the enjoyment of all benefits, privileges, terms and conditions of her employment contract "as are enjoyed by white citizens," in violation of § 1981; and (3) that she was retaliated against for having reported unlawful racial harassment, discrimination and hostile work environment.

Section 1981 claims are subject to a four-year statute of limitations. *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 381-82 (2004); *Dandy v. United Parcel Serv.*,

*Inc.*, **388 F.3d 263, 269 (7th Cir. 2004)**. Therefore, any § 1981 claims regarding discriminatory acts that allegedly took place prior to September 4, 2003, are barred by the applicable statute of limitations.

To bring an action in federal court under Title VII of the Civil Rights Act of 1964, a plaintiff must file a charge of discrimination with the EEOC within 300 days "after the alleged unlawful employment practice occurred." **42 U.S.C. § 2000e-5(e).** Jackson filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on June 15, 2006. Applying the 300-day rule, the Charge of Discrimination would clearly encompass all events occurring back to August 19, 2005. Jackson's termination clearly falls within the 300-day period.

Acts contributing to the claim that occurred outside of the 300-day period may also be actionable under United States Supreme Court precedent in *National Railroad Passenger Corp. v. Morgan*, **536 U.S. 101 (2002)**. There, the Court held, "[p]rovided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability." **536 U.S. at 117, 120-21**. As a result, Jackson may obtain relief for other time-barred acts by linking them to acts which are within the limitations period. *Selan v. Kiley*, **969 F.2d 560, 564 (7th Cir. 1992)**.

In *Selan*, the Seventh Circuit explained that "[f]or purposes of the limitations period, courts treat such a combination as one continuous act that ends within the limitations period." *Id.* The Court discussed three viable continuing violation theories: (1) cases involving hiring or promotion practices where the

4

employer's decision-making process took place over a period of time so that it was difficult to pinpoint the exact day the "violation" occurred; (2) cases in which the employer has an express and open policy that is alleged to be discriminatory; and (3) cases in which the plaintiff charges that the employer has followed a covert practice of discrimination–this theory is sometimes referred to as a "pattern of ongoing discrimination" or "serial violation." ***Id*. at 564-65 (citations omitted)**. Of these three continuing violation theories, the third theory may be applicable to this case. The Court concludes, on the current record, that Jackson's claims of discrimination, hostile work environment, and retaliation may be considered under the continuing violation theory.

To prevail on a Section 1981 or Title VII discrimination claim – as a result of intentional discrimination – a plaintiff must show that she was denied the enjoyment of the benefits, privileges, terms or conditions of her employment contract. The plaintiff may satisfy this burden by presenting "direct" evidence of the employer's discriminatory intent or by availing herself of the "indirect" burden-shifting method first set forth in ***McDonnell-Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)**.

Title VII makes it unlawful "for an employer to discriminate against any of his employees or applicants for employment ... because [s]he has opposed any practice made an unlawful employment practice by [Title VII]." **42 U.S.C. § 2000e-3(a)**. In order to establish the prima facie case of retaliation under *McDonnell Douglas Corp.*, a plaintiff must show: (1) she engaged in statutorily protected expression; (2) she suffered an adverse action by her employer; and (3) there was a causal link between the

protected expression and the adverse action.  *Brenner v. Brown*, **36 F.3d 18, 19 (7th Cir.1994)**

To prevail on a Title VII hostile work environment charge a plaintiff must prove that her work environment was both subjectively and objectively offensive, "one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so."  *Gentry v. Exp. Packaging Co.*, **238 F.3d 842, 850 (7th Cir. 2001),** *quoting Faragher v. City of Boca Raton*, **524 U.S. 755, 787 (1998)**.  The plaintiff then must show that the harassment was based on her membership in a protected class, that the conduct was severe and pervasive and that there is a basis for employer liability.  *Burlington Indus., Inc. v. Ellerth*, **524 U.S. 742, 754 (1998)**.

Jackson was employed as a cocktail waitress by the Casino Queen from 1994 through December 18, 2005.  Jackson has recounted numerous acts of hostile work environment directed towards herself and other African-American employees at the Casino Queen.  Jackson contends that she was terminated in retaliation for her participation in the AACW and her attendance at meetings with Illinois State Representative Wyvetter Younge.  Jackson testifies that she and other African-American employees at the CQ formed the AACW for the purpose of attempting to address ongoing racial discrimination.  Jackson testified that, after becoming openly involved with the AACW, the CQ started picking on her about little things.  Jackson was terminated for an incident that occurred on November 16, 2005.  Her termination clearly falls within the four-year § 1981 statute of limitations and the 300-day period for Title VII, so the Court turns to CQ's merits-based arguments for summary judgment – that

6

Jackson fails under both the direct and indirect methods of proving discrimination, and that Jackson has not established that she was subject to a hostile work environment. Viewing the facts and reasonable inferences in the light most favorable to Jackson (the nonmovant), the Court finds as follows.

Jackson has come forward with sufficient evidence to satisfy each of the elements of the indirect method of proof for establishing racial discrimination: (1) that she was a member of a protected class, (2) that she was performing his job satisfactorily, (3) that she suffered an adverse employment action, and (4) that CQ treated similarly-situated people outside her protected class more favorably. *Montgomery*, **626 F.3d at 394**.

Further, Jackson has come forward with sufficient evidence to satisfy each of the elements of the indirect method of proof for establishing retaliation in violation of Title VII: (1) she engaged in statutorily protected expression; (2) she suffered an adverse action by her employer; and (3) there was a causal link between the protected expression and the adverse action. *Brenner*, **36 F.3d at 19**.

CQ asserts that it had a nondiscriminatory reason for the adverse employment actions taken against Jackson – that she was fired for insubordination. But, Jackson has produced sufficient evidence to show that this proffered reason was a pretext for race discrimination and retaliation. *See Stockwell v. City of Harvey*, **597 F.3d 895, 901 (7th Cir. 2010)**. Specifically, Jackson has offered evidence that CQ engaged in a pattern of targeting her for disciplinary action and termination for months

prior to her eventual termination. This pattern commenced after Jackson became openly involved with the AACW.

Additionally, Jackson has come forward with sufficient evidence to satisfy each of the elements establishing that CQ maintained a racially hostile environment in violation of Title VII: (1) she was subjected to unwelcome harassment; (2) the harassment was based on her race; (3) the harassment was sufficiently severe and pervasive to alter the conditions of her employment; and (4) there is basis for employer liability. ***See, e.g., Parkins v. Civil Constructors of Ill., Inc.*, 163 F.3d 1027, 1032 (7th Cir. 1998)**.

Finally, as explained in prior Court Orders denying summary judgment motions in this case (see, e.g., Doc. 519, p. 13), the Faragher-Ellerth affirmative defense is not available to CQ.

One other point bears note here. CQ's counsel repeatedly takes aim at Jackson's evidence as including "self-serving" deposition testimony. (Doc. 147, p. 10, 11, 13, 15). While "uncorroborated self-serving testimony cannot support a claim … based on 'speculation, intuition or rumor'" or a claim that is "inherently implausible," testimony based on first-hand experience (including a plaintiff's own deposition testimony) is completely acceptable. ***Darchak v. City of Chicago Board of Education*, 580 F.3d 622, 631 (7th Cir. 2009)**.

Jackson has presented sufficient evidence to create a triable issue as to whether the actions taken against her had a discriminatory and retaliatory motivation, as well as whether she was subjected to a hostile work environment. ***See Montgomery*,**

**626 F.3d at 393,** *citing Rudin v. Lincoln Land Cmty. Coll.*, **420 F.3d 712, 721 (7th Cir. 2005)**. Genuine issues of material fact preclude the entry of summary judgment as to Plaintiff Gwendolyn Jackson.

    C.    Conclusion

Accordingly, the Court DENIES Defendant CQ's motion for summary judgment as to Gwendolyn Jackson (Doc. 147).

IT IS SO ORDERED.

DATED March 2, 2011

                                    s/Michael J. Reagan
                                    Michael J. Reagan
                                    United States District Judge